UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARG WO19PCK001, LLC,

                    Plaintiff,

        -against-

IMPERIAL RELIANCE, LLC and
MOHAMMAD SAJJAD,

                    Defendants.

Case No. 1:25-cv-10678 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

Plaintiff ARG WO19PCK001, LLC ("Plaintiff" or "ARG") commenced this action

against Defendants Imperial Reliance, LLC and Mohammad Sajjad (together, "Defendants") in

the Supreme Court of New York, New York County "to recover principal, interest and other

expenses, charges, costs and attorneys' fees under a loan agreement."  Dkt. 1-1 ("Verified

Complaint" or "Compl.") at 3.  On December 23, 2025, Defendants removed the action based on

federal diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. 1 ("Notice of Removal" or "Notice")

¶¶ 4, 11-15.  For the following reasons, this action is *sua sponte* remanded to state court under 28

U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## LEGAL STANDARD

Pursuant to Section 1447(c), "[i]f at any time before final judgment it appears that the

district court lacks subject matter jurisdiction, the case *shall* be remanded."  28 U.S.C. § 1447(c)

(emphasis added).  This provision permits a district court to remand a case *sua sponte* at any time

if the court determines that it lacks jurisdiction.  *See Mitskovski v. Buffalo & Fort Erie Pub.

Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006).  "In determining whether jurisdiction is proper,

we look only to the jurisdictional facts alleged in the Notice[ ] of Removal."  *Methyl Tertiary*

*Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).  "Any doubts regarding the propriety of removal are resolved in favor of remand."  *Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009); *see also Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (counseling that district courts should "construe the removal statute narrowly" and "resolv[e] any doubts against removability").

Where, as here, a defendant "remove[s] a case based on diversity jurisdiction, the diverse defendant must aver that all of the requirements of diversity jurisdiction have been met."  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011) (citing 28 U.S.C. § 1446(a)).  Defendants thus bear the burden of establishing that: (1) damages or the amount in controversy exceeds $75,000, exclusive of costs and interest; and (2) there is complete diversity of citizenship of the parties.  *See* 28 U.S.C. § 1332(a).

## DISCUSSION

Having reviewed the Notice, the Court finds that Defendants met their burden to establish the requisite amount in controversy,[1] but they failed to establish complete diversity.  The Court therefore lacks subject matter jurisdiction and must remand this matter back to the Supreme Court of the State of New York.

It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens.  *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).  Thus, as Defendants acknowledge, a notice of removal premised on diversity of citizenship must allege the citizenship of natural persons who are members of an

---

[1] In their Notice, Defendants assert that "[t]he amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs."  Notice ¶ 16 (citing Compl. ¶ 30 and Wherefore Clause).  The corresponding paragraph in the Verified Complaint identifies Plaintiff's damages as being "no less than $675,597.11, plus interest."  Compl. ¶ 30.  Thus, the amount in controversy requirement is met.

LLC, as well as the place of incorporation and principal place of business of any corporate entities that are members of the LLC. *See id.*; Local Civ. R. 81.1 (requiring that notices of removal identify the citizenship of each partner or member of a "partnership, limited liability partnership, limited liability company, or other unincorporated association"); *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, & ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010); *Lewis v. Allied Bronze LLC*, No. 07-cv-01621 (BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (remanding removed action for lack of diversity jurisdiction). Defendants' Notice of Removal fails to do so, and Defendants admit that they cannot do so.

In their Notice of Removal, Defendants represent that "[u]pon belief and knowledge of the time of this Notice, and having conducted a diligent search, none of the member(s) of ARG WO19PCK001, LLC share citizenship with any member of Imperial Reliance, LLC." Notice ¶ 14. As to the latter LLC, Defendants properly establish the citizenship of Imperial Reliance, LLC, identifying the entity's sole member and his respective citizenship. *Id.* ¶ 13. However, with respect to Plaintiff, Defendants confess, in a footnote, that "the members of [ARG WO19PCK001, LLC], as well as their respective citizenship, are not presently known to the Defendants, despite having conducted a diligent search." *Id.* ¶ 14 n.3. Without this necessary information about ARG or ARG's members and their respective citizenship — which it is Defendants' burden to provide, and which Defendants squarely admit they cannot provide — the Court is unable to confirm that each of the parties' members are in fact diverse in terms of citizenship. *See Shields v. Murdoch*, 891 F. Supp. 2d 567, 586 (S.D.N.Y. 2012) ("Naked allegations that the parties are citizens of different states, absent an averment of the particular states of which the parties are citizens, are insufficient to meet the pleading requirement." (citation modified)).

Further, Defendants cannot rely on discovery to fill the gap in their Notice. *Livestky v. Ahold Delhaize USA, Inc.*, No. 23-cv-01549 (DLI) (LB), 2023 WL 2711317, at *3 (E.D.N.Y. Mar. 30, 2023) ("After removing a case, a defendant cannot go out and conduct discovery to justify that removal."); *see also* Local Civ. R. 81.1 committee's note to 2024 amendment ("Because the removing party must have a good-faith basis for asserting diversity jurisdiction at the time of removal, the Committee deletes language suggesting that a party may rely on post-removal discovery to establish such jurisdiction."). Thus, Defendants have not adequately alleged a proper basis for removal and remand is appropriate. *See, e.g.*, *Beal Stream Venture, LLC v. Leading Builders Grp. LLC*, No. 23-cv-7648723 (MKV), 2023 WL 7648723, at *2 (S.D.N.Y. Nov. 15, 2023) (remanding *sua sponte* where a notice of removal "fail[ed] to allege the identity or the citizenship of each member of Plaintiff LLC").

## CONCLUSION

This case is remanded to the Supreme Court of the State of New York, New York County under case number 656193/2025. The Clerk of Court is respectfully directed to remand this action and close the case.

Dated: December 30, 2025
      New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

4